UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSIOURI

LUXOTTICA GROUP S.p.A., an            )
Italian corporation, OAKLEY, INC., a  )
Washington corporation, and COSTA     )
DEL MAR, INC., a Florida corporation, )        Case No.:
                                      )
        Plaintiffs,                   )
                                      )
                                      )        JURY TRIAL DEMANDED
v.                                    )
                                      )
CRAZY CHEAP FINDS LLC, a              )
Missouri limited liability company,   )
and RHONDA CUNNINGHAM;                )
individually,                         )
                                      )
        Defendants.                   )

## COMPLAINT

Plaintiffs Luxottica Group S.p.A., Oakley, Inc., and Costa del Mar, Inc. (collectively "Plaintiffs"), hereby sue Defendants Crazy Cheap Finds LLC and Rhonda Cunningham (collectively, "Defendants"), and allege as follows:

## INTRODUCTION

1.      This case concerns the violation of Plaintiffs' intellectual property rights by Defendants' sale of eyewear in Missouri bearing counterfeits of Plaintiffs' Ray-Ban, Oakley and Costa trademarks (the "Counterfeit Merchandise"). Through this action, Plaintiffs seek to address Defendants' counterfeiting activities, as well as to protect unknowing consumers from purchasing low quality and potentially dangerous Counterfeit Merchandise. Plaintiffs have been and continue to be irreparably harmed by Defendants' unlawful actions.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves a claim arising under the Lanham Act.

3.     Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants reside, have their principal place of business, and continue to infringe Luxottica Group's famous trademarks in this Judicial District.

## PARTIES

4.     Plaintiff, Luxottica Group S.p.A. is an Italian corporation with its principal place of business in Milan, Italy.

5.     Plaintiff, Oakley, Inc. ("Oakley") is a corporation organized and existing under the laws of the State of Washington, having a principal place of business in Foothill Ranch, California. Oakley is an indirect, wholly owned subsidiary of Luxottica Group S.p.A.

6.     Plaintiff, Costa del Mar, Inc. ("Costa") is a corporation organized and existing under the laws of the State of Florida, having a principal place of business in Daytona, Beach, Florida.   Costa is an indirect, wholly owned subsidiary of FGX International, Inc.   FGX International is a wholly owned subsidiary of EssilorLuxottica S.A.

7.     Defendant Crazy Cheap Finds LLC ("Crazy Cheap Finds") is a limited liability company organized and existing under the laws of the State of Missouri, having a principal place of business at 2941 Jackson Blvd., Ste A, Jackson, Missouri 63755.  Defendant Crazy Cheap Finds operates a retail accessories store, and also provides shipping services, including for UPS and FedEx.   As alleged herein, Crazy Cheap Finds is directly engaging in the promotion and sale of Counterfeit Merchandise within this Judicial District.

8.     Defendant Rhonda Cunningham is a resident of Cape Girardeau County, Missouri. Cunningham is an owner, officer, manager and director of Crazy Cheap Finds and one of the moving forces behind that entity's operations and infringing activities.

## FACTUAL ALLEGATIONS

**A.     The World-Famous Luxottica Brands and Products.**

9.     Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world.  Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette, among others.

10.     Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Grand Vision, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

11.     Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its various websites, including www.ray-ban.com, throughout the United States, including Missouri.

12.     Luxottica Group has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to those detailed in this Complaint.

13.     Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Trademarks (defined below).  As a result, products bearing the Ray-Ban trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group, and have acquired strong secondary meaning.

14.     Luxottica Group is the owner of various trademarks under the Ray-Ban brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Ray-Ban Trademarks"):

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 650,499 | | For: sunglasses, shooting glasses and ophthalmic lenses in class 9. |
| 1,093,658 | | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| 1,080,886 | | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles in class 9. |
| 3,522,603 | | For: sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses in class 9. |
| 1,511,615 | | For: eyeglasses, sunglasses, temples and eyeglass frames in class 9. |
| 2,971,023 | | For: sunglasses, eyeglasses, eyeglass lenses in class 9. |

15.     Luxottica Group has long been manufacturing and selling eyewear in interstate commerce under the Ray-Ban Trademarks.[1]  These registrations are valid and subsisting and the majority are incontestable.

16.     The registration of the Ray-Ban Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

17.     The registration of the Ray-Ban Trademarks also provides constructive notice to Defendants of Luxottica Group's ownership and exclusive rights in the Ray-Ban Trademarks.

18.     The Ray-Ban Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

19.     The Ray-Ban Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B.      The World-Famous Oakley Brand and Products.**

20.     Oakley is an internationally recognized manufacturer, distributor and retailer of sports eyewear, apparel, footwear, outerwear, jackets, accessories and other related merchandise.

21.     Oakley products are distributed and sold to consumers through its own Oakley O stores, its affiliate's sun retail stores, authorized retailers, and via its internet website: www.oakley.com throughout the United States, including Missouri.

22.     Oakley has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Oakley products, including but not limited to those detailed in this Complaint.

---

[1] All registrations originally held in the name of Luxottica Group's predecessor's owner of the Ray-Ban Trademarks, Bausch and Lomb, were assigned in full to Luxottica Group in 1999.

23.     Oakley has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Oakley Trademarks (defined below).  As a result, products bearing the Oakley Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Oakley and have acquired strong secondary meaning.

24.     Oakley is the owner of various trademarks under the Oakley brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Oakley Trademarks"), among others:

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 1,984,501 | | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, ear stems, frames, nose pieces and foam strips in class 9. |
| 1,980,039 | | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, ear stems, frames, nose pieces and foam strips in class 9. |
| 3,331,124 | | For: protective eyewear, namely spectacles, prescription eyewear, anti-glare glasses and sunglasses and their parts and accessories in class 9. |
| 1,980,039 | | For:   protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories in class 9. |

| 3,151,994 | | For: protective eyewear, namely spectacles, prescription eyewear, anti-glare glasses and sunglasses and their parts and accessories in class 9. |
| --- | --- | --- |

25.     Oakley has long been manufacturing and selling in interstate commerce eyewear under the Oakley Trademarks.  These registrations are valid and subsisting and the majority are incontestable.

26.     The registration of the Oakley Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Oakley's exclusive right to use the Oakley Trademarks in connection with the goods identified therein and other commercial goods.

27.     The registration of the Oakley Trademarks also provides constructive notice to Defendants of Oakley's ownership and exclusive rights in the Oakley Trademarks.

28.     The Oakley Trademarks qualify as famous trademarks, as that term is used in 15 U.S.C. § 1125(c)(1).

29.     The Oakley Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**C.     The World-Famous Costa Brand and Products.**

30.     The Costa eyewear brand was born in Daytona Beach, Florida in 1983.

31.     Costa has continuously sold Costa branded products, including eyewear, apparel, and other related merchandise through its authorized retailers and via its internet website: www.costadelmar.com throughout the United States, including Missouri.

32.     Costa has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Costa products, including but not limited to, those detailed in this Complaint.

33.     Costa has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Costa Trademarks (defined below).  As a result, products bearing the Costa Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Costa and have acquired strong secondary meaning.

34.     Costa is the owner of various trademarks under the Costa brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Costa Trademarks"), among others:

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 3,857,379 | COSTA | For:  sunglasses and sunglass frames in class 9. |
| 5,944,853 | ⬤ COSTA | For: stickers, decals, bumper stickers, decorative decals for vehicle windows |
| 3,273,228 | ⬤ | For:  sunglasses,  sunglass  frames,  sunglass lenses in class 9. |

35.     Costa has long been manufacturing and selling in interstate commerce eyewear under the Costa Trademarks.  These registrations are valid and subsisting.

36.     The registration of the Costa Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Costa's exclusive right to use the Costa Trademarks in connection with the goods identified therein and other commercial goods.

37.     The registration of the Costa Trademarks also provides constructive notice to Defendant of Costa's ownership and exclusive rights in the Costa Trademarks.

38.     The Costa Trademarks qualify as famous trademarks, as that term is used in 15 U.S.C. § 1125(c)(1).

39.     The Costa Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**D.      Defendants' Infringing Conduct.**

40.     The U.S. Bureau of Customs and Border Protection ("CBP") inspects merchandise imported into the United States.    In September 2022, CBP provided Oakley with a Notice of Seizure of Infringing Merchandise (No. 2022470102026201) identifying "Rhonda Cunningham," located at 2941 E. Jackson Blvd., MO 63755 as the importer of record of at least 28 pair of sunglasses bearing counterfeits of one or more of the Oakley Marks.

41.     On September 21, 2022, Luxottica Group's investigator, on behalf of itself, Oakley and Costa, visited Crazy Cheap Finds located at 2941 E. Jackson Blvd., Suite A, Jackson, MO 63755.   During that visit, Luxottica Group's investigator discovered that Defendants were advertising, publicly displaying, and offering for sale Counterfeit Merchandise, including twelve pair of Oakley branded sunglasses, eleven pair of Costa branded sunglasses, and nineteen pair of Ray-Ban branded sunglasses.   Photographs of the sunglasses that were displayed and offered for sale on that day are depicted below:

 



42.     Luxottica Group's investigator purchased one pair of Oakley branded sunglasses for $21.99 and one pair of Ray-Ban branded sunglasses for $13.00, for a total cost of $37.87 (including tax).   Photographs of the sunglasses purchased on that day, including the sales receipt, are depicted below:















43.     On February 9, 2023, Luxottica Group's investigator returned to Crazy Cheap Finds and discovered that Defendants were again advertising, publicly displaying, and offering for sale Counterfeit Merchandise, including sixteen pair of Oakley branded sunglasses, six pair of Costa branded sunglasses, and seventeen pair of Ray-Ban branded sunglasses.

44.     Luxottica Group's investigator purchased one pair of Oakley branded sunglasses for $10.00, one pair of Ray-Ban branded sunglasses for $22.99, and one pair of Costa branded sunglasses for $24.99, all for a total of $62.75 (including tax).  Photographs of the sunglasses purchased on that day, along with the sales receipt are depicted below:







45.     Luxottica Group, on behalf of itself, Oakley and Costa  subsequently inspected the items that were purchased from Defendants on September 21, 2022 and February 9, 2023 and determined that the Ray-Ban, Oakley and Cost Trademarks affixed to the sunglass frames, lenses, and related accessories are either incorrect or inconsistent with the Ray-Ban, Oakley and Costa Trademarks found on similar products and items bearing authentic Ray-Ban, Oakley and Costa Trademarks.

46.     Luxottica Group further determined that the items purchased from Defendants bore reproductions of the Ray-Ban, Oakley and Costa Marks that were in fact counterfeit products that infringed one or more of the Ray-Ban, Oakley and/or Costa Trademarks.

47.     Defendants have no license, authority, or other permission from Luxottica Group, Oakley or Costa to use any of the Ray-Ban, Oakley or Costa Trademarks in connection with the advertising, promoting, distributing, publicly, displaying, selling, and/or offering for sale of the Counterfeit Merchandise.

48.     The forgoing acts of the Defendants constitute direct trademark infringement and counterfeiting in violation of the Lanham Act.

49.     The forgoing acts of the Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Ray-Ban, Oakley, and Costa products offered for sale and sold by Crazy Cheap Finds are authentic or authorized products of Luxottica Group, Oakley and Costa.

50.     The activities of the Defendants, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Ray-Ban, Oakley and Costa products and Luxottica Group, Oakley and Costa.

51.     Defendants are well aware of the extraordinary fame and strength of the Ray-Ban, Oakley and Costa Trademarks, and the incalculable goodwill associated therewith.

52.     Defendant Cunningham has materially contributed to and facilitated the above-described infringement of the Ray-Ban, Oakley and Costa Trademarks by having directed and permitted the offering for sale of Counterfeit Merchandise by Crazy Cheap Finds through (i) Defendant Cunningham's knowledge of the offering for sale of the Counterfeit Merchandise, (ii) Defendant Cunningham's constructive knowledge of the offering for sale of the Counterfeit

Merchandise, alternatively, (iii) Defendant Cunningham's willful blindness to the offering for sale Counterfeit Merchandise.

53.     Defendant Cunningham has and continues to have the right and ability to supervise the infringing conduct of Crazy Cheap Finds and has a direct financial interest in the infringing conduct; however, she continues to act with reckless disregard or willful blindness, effectively condoning Crazy Cheap Finds' unlawful activities.

54.     Defendants' knowing and deliberate hijacking of Luxottica Group, Oakley and Costa's famous trademarks, and sale of Counterfeit Merchandise has caused, and continues to cause, substantial and irreparable harm to Plaintiffs' goodwill and reputation.  In addition, the damages caused by Defendants are especially severe because the Counterfeit Merchandise is cheap and inferior in quality to products bearing authentic Ray-Ban, Oakley and Costa Trademarks.

55.     The harm being caused to Luxottica Group, Oakley and Costa is irreparable and Plaintiffs do not have an adequate remedy at law. Plaintiffs therefore seek the entry of an injunction preventing the sale of Counterfeit Merchandise by Defendants.

56.     Plaintiffs also seek damages as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing Plaintiffs' Ray-Ban, Oakley and Costa Trademarks.

## COUNT I
### Trademark Infringement
### (15 U.S.C. § 1114)

57.     Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 56 above.

58.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of infringing imitations of one or more of the Ray-Ban, Oakley and Costa Trademarks.

59. Defendants have promoted, advertised, offered for sale and sold products bearing counterfeits of one or more of the Ray-Ban, Oakley and Costa Trademarks without Plaintiffs' permission.

60. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise offered for sale and sold by Defendants are authentic or authorized products of Luxottica Group, Oakley, and Costa.

61. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group, Oakley and Costa.

62. Defendants have directly and willfully infringed Plaintiffs' Ray-Ban, Oakley and Costa Trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Luxottica Group S.p.A., Oakley, Inc. and Costa Del Mar, Inc. respectfully request that this Court enter judgment in their favor and against Defendants Crazy Cheap Finds, LLC and Rhonda Cunningham, jointly and severally, as follows:

A. Finding that: Defendants have violated Section 32 of the Lanham Act (15 U.S.C. §§ 1114);

B. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendants, their agents, employees, attorneys, and all those persons or entities in active concert or participation with them from:

i) importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Ray-Ban, Oakley and Costa Trademarks, or any other marks or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Merchandise, and engaging in any other activity constituting an infringement of any of Plaintiffs' rights in their respective Ray-Ban, Oakley and Costa Trademarks;

ii) engaging in any other activity constituting unfair competition with Luxottica Group, Oakley or Costa or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Luxottica Group, Oakley and Costa.

C. Requiring Defendants to file with this Court and serve on Plaintiffs within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Luxottica Group, Oakley or Costa or is related in any way with Luxottica Group, Oakley and Costa and/or their products;

E. Awarding Plaintiffs statutory damages for willful trademark infringement in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

F. Awarding Plaintiffs their costs, investigatory fees, and expenses;

G. Awarding Plaintiffs pre-judgment interest on any monetary award made part of the judgment against Defendants; and

H.     Awarding Plaintiffs such additional and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury in this matter.

Dated this 4th day of April 2023

Respectfully submitted,

By:  /s/ *Alexander P. Atkinson*
Alexander P. Atkinson, #71769
Amy L. Fehr, #60033
**CAPES SOKOL GOODMAN & SARACHAN, P.C.**
8182 Maryland Avenue, 15th Floor
St. Louis, Missouri 63105
Telephone: (314) 721-7701
Facsimile:  (314) 721-0554
atkinson@capessokol.com
fehr@capessokol.com

David B. Rosemberg (Fla. 0582239)
(*pro hac vice motion to be filed*)
Email: david@rosemberglaw.com
**ROSEMBERG LAW**
20200 W. Dixie Hwy., Suite 602
Aventura, FL 33180
Telephone: (305) 602-2008
Facsimile: (305) 602-0225

*Counsel for Plaintiffs*